RIGO, DEMANDANTE Y APELANTE, *v.* POU, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en un caso sobre cobro de una suma de dinero e indemnización de daños y perjuicios.

No. 1152.—Resuelto en diciembre 10, 1914.

ARRENDAMIENTOS—PAGO ANTICIPADO DE ALQUILERES—DEVOLUCIÓN DE ALQUILERES ANTICIPADOS PERCIBIDOS POR EL ARRENDADOR Y DE QUE NO SE HABÍA REIN-

tegrado el Arrendatario al Venderse la Casa Arrendada.—Cuando, como en el caso de autos, el arrendatario de una casa anticipa al dueño de la misma el pago de alquileres por un tiempo determinado y después el mismo arrendatario compra dicha casa, el dueño que la vendió está obligado a devolver al comprador el importe de las mensualidades anticipadas de que no llegó a reintegrarse.

Id.—Mejoras y Obras Higiénicas Hechas por el Arrendatario de Acuerdo con el Contrato de Arrendamiento.—Cuando, como en el caso de autos, de acuerdo con lo estipulado entre las partes arrendadora y arrendataria, el arrendatario verifica por su cuenta mejoras y obras higiénicas en la casa arrendada exigidas por el servicio de sanidad, dicho arrendatario no tiene derecho alguno a ser reintegrado del importe de dichas mejoras y obras por impedirlo la ley del contrato.

Id.—Compra de la Casa Arrendada por el Mismo Arrendatario—Acción de Daños y Perjuicios Entablada por él por Infracción del Término del Arrendamiento.—Cuando, como en el caso de autos, el dueño de una casa arrendada la ofrece en venta a una persona antes de vencerse el término del contrato y concede al arrendatario el derecho preferente de comprarla por el mismo precio, lo que acepta el arrendatario verificando la compra, no puede éste reclamarle al dueño de la casa daños y perjuicios por infracción del término del contrato de arrendamiento, de acuerdo con el principio jurídico *scienti et volenti nulla fit injuria*.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Juan Hernández López.*

Abogados del apelado: *Sres. Gabriel Guerra y Miguel Guerra.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

El presente caso se originó en la Corte de Distrito del Distrito Judicial de San Juan, Sección Primera, a virtud de demanda jurada presentada en 12 de enero del corriente año por Antonio Rigo Sagrera contra José Pou Ríos en que alega como hechos fundamentales de la misma, los siguientes:

(*a*) Que el demandado era dueño de la casa No. 48 de la calle de San Francisco de esta Capital.

(*b*) Que por escritura pública de 15 de junio de 1907 demandante y demandado, representado éste por Aureliano Ferrer, celebraron contrato de arrendamiento sobre la referida casa, ratificando y modificando anterior contrato privado de 2 de noviembre de 1906, por precio de $45 mensua-

les a pagar por meses anticipados y por término de cinco
años que empezarían a contarse desde el 1º. de enero de 1907
y concluirían en 31 de diciembre de 1911.

(c) Que el expresado contrato de 15 de junio de 1907
fué modificado por documento privado de 1º de agosto de
1911, en cuanto al término del arrendamiento que quedaba
prorrogado hasta el día último de diciembre de 1917 y bajo
condición además que el pago de agua, así como las repa-
raciones y obras que exigiera la sanidad habían de ser por
cuenta del demandante, sin derecho a reintegro, habiendo
confesado el demandado en ese documento privado haber
recibido de Don Antonio Rigo por adelantado la suma de
$450 a cuenta de los alquileres de la casa, de los que serían
satisfechos $150 en los últimos meses del año 1912, igual
suma en los últimos meses del año 1913, y los $150 restan-
tes en los últimos meses del año 1914, a razón de $45 men-
suales.

(d) Que en 1º. de septiembre de 1911, Don Antonio Rigo
anticipó a José Pou y Ríos la cantidad de $540 en concepto
de pago de doce meses de alquiler de la casa, a razón de
$45 mensuales y a contar desde el 1º. de septiembre de 1911,
hasta el 31 de agosto de 1912.

(e) Que en mayo de 1912 tuvo conocimiento el deman-
dante de que José Pou y Ríos, representado por Petronila
del Carmen Ríos y Berríos, viuda de Toro, estaba haciendo
gestiones para vender la casa, y en efecto un agente o corre-
dor de negocios nombrado Rovira, se la ofreció en venta
al demandante por precio de $12,000 habiéndose negado a
aceptar el negocio; y pocos días después en el mismo mayo,
José Toro Ríos como representante de Petronila Ríos y Be
rríos que a su vez lo era de José Pou Ríos, manifestó al
demandante a voz y nombre de la referida señora que tenía
concertada la venta de la casa con Manuel Cerecedo por
precio de $13,000, pero que no obstante se le había reservado
la opción de comprar con preferencia a Cerecedo, en iguales

condiciones dentro del plazo improrrogable que vencería a
las tres de la tarde de·aquel mismo día.

(*f*) Que Cerecedo le comprobó la verdad del hecho, y
habiendo mostrado a Toro Ríos los documentos que acre-
ditaban el arrendamiento celebrado con José Pou Ríos.y
preguntádole si estaba dispuesto a consignar en la escri-
tura de venta a Cerecedo la existencia de ese contrato con
la estipulación de que el comprador había de respetarlo, le
contestó Toro Ríos que desconocía tal contrato y que no
estaba dispuesto a tenerlo en cuenta, pues vendería la finca
a Cerecedo sin condición de clase alguna.

(*g*) Que el demandante había sub-arrendado la casa a la
sociedad industrial Abraham y Rigo hasta el 31 de diciem-
bre de 1917 por el mismo precio de $45 mensuales en que
la tenía arrendada a José Pou Ríos.

(*h*) Que apremiado el demandante por la situación en
que se encontraba de tener que comprar la casa por el alto·
precio de $13,000 o perjudicarse en sus negocios y compro·
misos establecidos bajo la base del contrato de arrendamiento
que había celebrado con José Pou Ríos, optó por comprar
la finca como así lo hizo otorgando un documento privado
provisional de la compraventa que fué elevado a escritura
pública en 13 de mayo de 1912, habiendo satisfecho el com-
prador al vendedor $4,000 de contado y obligádose a satis·
facer los $9,000 restantes dentro del término de cinco años
que vencería en 13 de mayo de 1917 con el interés del 10 por
ciento anual, pagadero por mensualidades vencidas, quedando
la finca hipotecada para garantía·del pago de los $9,000 más
los intereses convenidos y $300 calculados para costas y
honorarios de abogado en caso de ejecución.

(*i*) Que la Sanidad exigió mejoras y obras higiénicas en
la casa que verificó conforme a lo estipulado en el documento
privado de 1°. de agosto de 1911, cuyo importe ascendió a
una suma mayor de $3,000 habiendo esas reformas y mejo-
ras aumentado el valor de la finca y servido para que José

Pou Ríos pudiera pedir por ella como pidió la suma de $13,000.

(*j*) Que si hubiera continuado el contrato dé arrendamiento celebrado por el demandante con José Pou Ríos por el término convenido y por precio de $45 mensuales, la cantidad que hubiera pagado a Pou y Ríos sería inferior en $4,274.97 a la suma que tendrá que pagarle por intereses, con arreglo al 10 por ciento estipulado en la escritura de compraventa, cuya suma unida a la de $3,000 pagados por mejoras da un total de $7,274.97.

(*k*) Que ni José Pou y Ríos ni sus apoderados Aureliano Ferrer y Petronila Ríos y Berríos han devuelto hasta la fecha al demandante, a pesar de sus reclamaciones extrajudiciales, la suma de $540 que anticipó por alquileres, como tampoco $170.50, importe de tres meses y 17 días de alquileres pagados por adelantado, cuyas partidas, según alega, dan un total de $620.50.

(*l*) Que el demandante, extrajudicial y amistosamente ha gestionado para conseguir que José Pou Ríos le indemnice de los perjuicios sufridos por el incumplimiento del contrato de arrendamiento, y su contestación más favorable ha sido la de ofrecerle por medio de su representante Petronila Ríos y Berríos, la insignificante suma de $1,000, cuya oferta ha rechazado. La demanda concluye con la súplica de que se declare por sentencia que José Pou y Ríos venía obligado a respetar y cumplir los contratos de arrendamiento de que se deja hecho mérito en los hechos consignados en la demanda, y que no habiéndolo verificado debe devolver los alquileres cobrados y no satisfechos ascendentés a $620.50, y pagar al demandante por vía de indemnización de perjuicios la suma dé $7,274.27, condenándolo a pagar esas sumas que dan un total de $7,894.77 o la parte de ellas que la corte estime justificada y procedente, más los intereses legales del 6 por ciento anual desde la fecha de la interposición de la demanda, con las costas, gastos y honorarios del abogado de la parte demandante.

A la anterior demanda opuso el demandado José Pou Ríos la excepción previa de que no aduce hechos suficientes para determinar una causa de acción, y la corte, estimando que la demanda aduce hechos suficientes para determinar una causa de acción, por cuanto en ella se reclama la suma de $620.50 que el demandado adeuda al demandante según alega, pero no en cuanto a la suma de $7,274.27 cuyo pago tam bién reclama, conteniendo en su consecuencia la demanda, una vez limitada a la reclamación de $620.50, un número de alegaciones que deben eliminarse, dictó resolución en 4 de abril último, por la que ordena se redacte una demanda enmendada en el plazo de cinco días, de acuerdo con su opinión.

La parte demandante, lejos de enmendar la demanda, solicitó en moción de 4 de mayo se registrara como sentencia la resolución de 4 de abril, con los requisitos del caso, para poder interponer contra ella recurso de apelación, y la corte dictó sentencia en 8 de mayo citado, declarando sin lugar la demanda con imposición de costas al demandante, al que se reserva su pretendido derecho para cobrar los 600 y pico de dollars que según sus alegaciones, satisfizo anticipadamente por alquileres, al demandado.

Contra dicha sentencia se interpuso por la representación de la parte demandante recurso de apelación para ante esta Corte Suprema, pendiente hoy de resolución después de sustanciado en forma.

Veamos si los hechos expuestos en la demanda son bastantes a determinar una causa de acción. En la demanda se establece una doble reclamación: Primera, la de reintegro al demandante por el demandado de ciertas cantidades pagadas por aquél a cuenta de alquileres anticipados de la casa No. 48 de la calle de San Francisco, de cuyas cantidades no ha sido satisfecho; y segunda, la de indemnización de $7,274 y centavos por mejoras sanitarias hechas en la finca arrendada a virtud del contrato de arrendamiento, y por el perjuicio que se ha causado al demandante teniendo

que pagar al demandado por intereses del precio aplazado del contrato de compraventa una cantidad superior en $4,274, y centavos a la que hubiera tenido que satisfacer si se hubiera respetado el término señalado al contrato de arrendamiento a razón de $45 mensuales.

Los hechos que dejamos consignados bajo las letras *c*, *d*, *k*, aunque redactados con cierta confusión y con error númerico, cual es el de que las partidas de $540 y $170.50 dan la suma de $620.50, indudablemente muestran una causa de acción fundada en las alegaciones de que el demandado recibió por anticipado dinero a cuenta de alquileres de la casa y no llegó a reintegrar al demandante de las sumas recibidas. A nadie es dable enriquecerse con perjuicio de otro y si los hechos alegados son ciertos como debe suponerse que lo son para el examen de la excepción previa alegada, surge como consecuencia la conclusión legal de que el demandado está obligado a devolver al demandante las cantidades que éste satisfizo en concepto de pago anticipado de alquileres, sin haberse reintegrado de las cantidades pagadas.

La confusión en la relación de los hechos y el error númerico existentes pueden subsanarse mediante aclaración y rectificación de esos hechos.

Por lo que atañe a la segunda reclamación de $7,274.27 en los conceptos que dejamos indicados, examinados detenidamente los hechos consignados en la demanda atinentes a dicha reclamación, hemos de concluir que esos hechos no determinan la procedencia de tal reclamación.

Según se afirma en las alegaciones, *c*, *i* de la demanda, el demandante verificó por su cuenta las mejoras y obras higiénicas que la sanidad exigió en la casa, cumpliendo lo estipulado entre las partes arrendadora y arrendataria en documento privado de 1°. de agosto de 1911, y por tanto en virtud del contrato de arrendamiento no tenía derecho alguno a ser reintegrado de la suma de $3,000 que importaron las mejoras, siendo indiferente al caso que con ellas

se aumentara o nó el valor de la finca. Y del hecho de haber vendido el demandado la casa antes de vencerse el término del contrato de arrendamiento y de las demás alegaciones que contiene la demanda sobre esa venta, no puede nacer para el demandante derecho alguno al reintegro de esos $3,000 ni tampoco al de $4,274 y centavos que alega el demandante tener que desembolsar a virtud de los intereses del precio aplazado de la venta y que no hubiera desembolsado si se hubiera sostenido el contrato de arrendamiento en las condiciones de precio y término en que fué convenido.

Si el demandado hubiera vendido la casa a Cerecedo y éste no hubiera aceptado el contrato de arrendamiento, el arrendatario Rigo Sagrera hubiera podido exigir a José Pou y Ríos la indemnización de los daños y perjuicios que se le causaran en virtud de los preceptos que contienen los artículos 1457, 1459 y 1474 del Código Civil vigente, los que el recurrente cita como infringidos en la sentencia; pero como la venta no llegó a hacerse a Cerecedo por haber querido el mismo Rigo Sagrera comprar la finca a virtud de la preferencia o derecho de opción que para la compra le concedió Pou Ríos, es claro que si sufrió algún perjuicio lo sufrió por voluntad propia contribuyendo al contrato de compraventa que nunca hubiera podido celebrarse sin su consentimiento. Tal consentimiento fué prestado por el demandante y no adolece de vicio alguno que pueda invalidarlo. Los artículos citados no son de aplicación al presente caso, y sí el principio *scienti et volenti nulla fit injuria.* Desde el momento en que Antonio Rigo Sagrera compró, quedó impedido (*estopped*) de alegar perjuicios por un acto que a todas luces fué realizado a plena satisfacción de su voluntad y sin que mediara violencia, intimidación o dolo.

Y no ocurre como alega la parte apelante, que la acción de daños y perjuicios no se deriva del contrato de compraventa celebrado por demandante y demandado, sino del contrato de compraventa que anteriormente habían concertado Cerecedo y José Pou y Ríos, pues ese presunto contrato no

llegó a tener existencia legal por voluntad del mismo demandante, el cual impidió que se realizara al optar por la compra de la casa con preferencia a Cerecedo en las mismas condiciones propuestas a éste. En el presente caso no hubo adquisición de dominio por parte de Cerecedo ni ejercicio del derecho de retracto convencional por parte del demandante, según éste sostiene, pues la venta a Cerecedo no llegó a hacerse.

Por las razones expuestas es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no formó parte del tribunal en la vista de este caso.